IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IZETTAR SUMMERS<br>5861 Walton Avenue<br>Philadelphia, PA 19143<br><br>    Plaintiff,<br><br>  v.<br><br>DIETZ & WATSON, INC.<br>5701 Tacony Street<br>Philadelphia, PA 19135<br><br>    Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Izettar Summers (hereinafter "Plaintiff"), by and through undersigned counsel, complains as follows against Defendant Dietz & Watson, Inc. (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 1981 ("Section 1981"), and the Pennsylvania Human Relations Act ("PHRA"). Defendant subjected Plaintiff to a hostile work environment and discrimination due to her disability and/or perceived disability and refused to provide Plaintiff with a reasonable accommodation. Furthermore, Defendant subjected Plaintiff to a hostile work environment and discrimination on the basis of her race (African American). As a result, of Defendant's conduct, Plaintiff has suffered damages, as set forth herein.

Case 2:18-cv-01937-NIQA   Document 1   Filed 05/08/18   Page 2 of 17

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA, Section 1981, and Title VII. This Court has supplemental jurisdiction over Plaintiff's PHRA claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff has exhausted all administrative remedies required as a prerequisite to the filing of her instant ADA, Title VII, and PHRA claims.

**PARTIES**

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. Defendant is a business entity with a place of business at the address set forth in the caption that conducts business in Pennsylvania.

9. Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Plaintiff suffers from severe allergic reactions to pineapples.

12. Plaintiff is an African American female.

13. On or around September 29, 2014, Defendant hired Plaintiff as a Packer.

14. Before being hired, Plaintiff disclosed to Defendant that she was severely allergic to pineapples (hereinafter "disability") to avoid being assigned to a position that required exposure to pineapples.

15. On or around April 27, 2015, Defendant transferred Plaintiff to a new department, under the supervision of Shandor Istvan (hereinafter "Supervisor Istvan").

16. Supervisor Istvan is Caucasian.

17. Throughout Plaintiff's employment, Supervisor Istvan discriminated and harassed Plaintiff and other African American employees.

18. Supervisor Istvan gave Plaintiff write ups for "unexcused" absences, even though Plaintiff had provided proper documentation upon her return to work.

19. Supervisor Istvan yelled and berated Plaintiff for taking "too long" on her bathroom breaks.

20. Supervisor Shandor did not treat Plaintiff's Caucasian and Hispanic co-workers in a such a fashion.

21. On one occasion, while Plaintiff was on a bathroom break, Supervisor Istvan waited for Plaintiff outside of the bathroom and yelled at her for taking too long in the bathroom as she exited.

22. Furthermore, Supervisor Istvan would make derogatory comments about African Americans, including but not limited to:

   a. *"yous [sic] people, take forever and are lazy,"* referring to African Americans.

   b. *"What are you doing here? There's no black people here today,"* in response to an African American employee coming to work when not scheduled.

   c. "*I don't know about your black ass working here,"* (to an African American employee).

   d. *"…you people are fucking lazy,"* referring to African Americans.

   e. *"Black people never want to do shit, why is your black ass here?"* and

   f. Referring to African American employees as a *"black motherfucker."*

23. Plaintiff and other African American employees made multiple complaints to Defendant's Human Resources Department about Supervisor Istvan's harassment and discrimination.

24. Despite the complaints of Plaintiff and other employees, Defendant failed to properly investigate and/or issue effective remedial measures.

25. On or around November 30, 2016, Supervisor Istvan assigned Plaintiff to a packing line that required her to work with pineapples.

26. Plaintiff remined Supervisor Istvan of her disability and asked to be reassigned to a different line to avoid exposure to pineapples.

27. Supervisor Istvan refused Plaintiff's request and required she go to the packing line containing pineapples.

28. Plaintiff's request for accommodation could have been granted by Defendant without undue hardship to Defendant.

29. On or around December 1, 2016, Plaintiff called out of work due to illness; a result of working with the pineapples the previous day.

30. On or around December 2, 2016, upon Plaintiff's return to work, Supervisor Istvan again assigned Plaintiff to a packing line working with pineapples.

31. Plaintiff again reminded Supervisor Istvan of her disability and asked to be reassigned to a different line to avoid exposure to pineapples.

32. Plaintiff also reminded him that she had called out the previous day due to an allergic reaction from working with pineapples when requesting that she be given a new assignment.

33. Nonetheless, Supervisor Istvan refused Plaintiff's request, claiming that there was no other work available, even though he could have reassigned Plaintiff to a different line or job that day that did not require that Plaintiff be exposed to pineapples.

34. After Plaintiff's first break, Plaintiff again complained to Supervisor Istvan, as she felt ill, and she again requested to be transferred to another line.

35. Supervisor Istvan again refused Plaintiff's request, even though he could have reassigned Plaintiff to a different line or job that day that did not require that Plaintiff be exposed to pineapples.

36. Later that day, Plaintiff complained to Human Resource Representative Natella Zaurova ("hereinafter HR Zaurova") that she was experiencing an allergic reaction to the pineapples she was assigned to work with.

37. Plaintiff also complained that Supervisor Istvan had refused her request to transfer to another packing line.

38. HR Zaurova told Plaintiff she would "try to find [her] something new."

39. At this time, Plaintiff's allergic reaction to the pineapple exposure became so severe that she developed a rash and swelling all over her body and experienced difficulty breathing.

40. Plaintiff immediately left work and drove to the Emergency Room.

41. Upon Plaintiff's arrival to the Emergency Room she was immediately treated for the allergic reaction.

42. One of the doctors at the hospital informed Plaintiff that she was "lucky" that she arrived at the hospital when she did, as she had suffered from Anaphylaxis, which can be fatal if not treated immediately.

43. Following her discharge from the hospital, Plaintiff returned to work.

44. Upon returning to work, Plaintiff showed HR Zaurova her Emergency Room discharge papers, which confirmed that the difficulty breathing that she had experienced at work, as well as the rashes, were due to an allergic reaction to pineapples.

45. HR Zaurova did not assure Plaintiff that she would no longer have to work with pineapples but told Plaintiff that she would look into the matter and follow up with her.

46. On or around December 2, 2016, due to feeling that her life was in jeopardy due to Defendant's repeated failure to accommodate her request for an accommodation in the form of reassignment to a packing line that did not require that Plaintiff be exposed to pineapples, and due to Defendant's failure to state without equivocation that she would not be required to work again with pineapples, Plaintiff had no choice but to resign from her employment with Defendant.

47. Accordingly, Defendant constructively discharged Plaintiff.

48. In finding for Plaintiff, the Commonwealth of Pennsylvania, Department of Labor and Industry, Unemployment Compensation Board of Review, among other findings, made the following findings:

> *The claimant quit because her job jeopardized her health and life.*
>
> *. . .*
>
> *The claimant credibly testified to her pineapple allergy and supported it with medical documentation. The claimant notified the employer of her condition, but was expected to continue working with no prospect of an accommodation. Only when the claimant was about to be hospitalized was the possibility of an accommodation even contemplated. At this point, the employer's actions were too little too late.*
>
> *The employer's HR safety manager testified, 'Allergic reaction is not something we would ever take lightly,' but that was precisely what happened when the claimant notified the two supervisors that she was allergic, but was not immediately removed from that assignment. The claimant would have been justified in quitting immediately and her attempt to work through her health condition for a couple days does not negate that.*

49. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages.

## COUNT I
## Violation of the ADA
### (Disability Discrimination)

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. At all times relevant herein, Defendant was an "employer" within the meaning of the ADA.

52. At all times relevant herein, Plaintiff was an "employee" within the meaning of the ADA.

53. At all times relevant herein Plaintiff suffered a disability within the meaning of the ADA.

54. At all times relevant herein Defendant perceived Plaintiff to be suffering from a disability within the meaning of the ADA.

55. Defendant constructively discharged Plaintiff because she suffered from a disability and/or because Defendant perceived her as having a disability.

56. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT II
## Violation of the ADA
## (Failure to Accommodate)

57. The foregoing paragraphs are incorporated herein as if set forth in full.

58. Plaintiff asked Defendant for an accommodation for her disability in the form of a work assignment that did not require exposure to pineapples.

59. Defendant could have granted Plaintiff this accommodation without undue hardship but refused to do so.

60. Defendant further failed to engage in the interactive process with Plaintiff.

61. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT III
## Violation of the ADA
## (Retaliation)

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. Plaintiff requested a reasonable accommodation for her disability in that she requested a work assignment that did not require exposure to pineapples.

64. Requesting an accommodation for her disability is a protected activity under the ADA.

65. Defendant retaliated against Plaintiff for requesting an accommodation, and/or for complaining about Defendant's failure to provide an accommodation, by continuing to require

Plaintiff to perform work that exposed her to pineapples, ultimately resulting in her being constructively discharged.

66. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT IV
### Violations of the Pennsylvania Human Relations Act ("PHRA")
(Disability Discrimination)

67. The foregoing paragraphs are incorporated here, as if set forth in full.

68. At all times relevant herein, Defendant was an "employer" within the meaning of the PHRA.

69. At all times relevant herein, Plaintiff was an "employee" within the meaning of the PHRA.

70. At all times relevant herein, Plaintiff's disability rendered her an individual with a disability under the PHRA.

71. At all times relevant herein, Defendant perceived Plaintiff to be suffering from a disability.

72. Plaintiff was constructively discharged by Defendant because she suffered from a disability and/or because Defendant perceived her to be suffering a disability.

73. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT V
### Violations of the Pennsylvania Human Relations Act
(Failure to Accommodate)

74. The foregoing paragraphs are incorporated herein as if set forth in full.

75. Plaintiff requested a reasonable accommodation for her disability in that she requested a work assignment that did not require exposure to pineapples.

76. Defendant could have granted Plaintiff this accommodation without undue hardship but refused to do so.

77. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT VI
### Violations of the Pennsylvania Relations Act
**(Retaliation)**

78. The foregoing paragraphs are incorporated herein as if set forth in full.

79. Plaintiff requested a reasonable accommodation for her disability in that she requested a work assignment that did not require exposure to pineapples.

80. Plaintiff complained to Defendant about its failure to accommodate her disability.

81. Defendant retaliated against Plaintiff for requesting an accommodation, and/or for complaining about Defendant's failure to provide an accommodation, by continuing to require Plaintiff to perform work that exposed her to pineapples, ultimately resulting in her being constructively discharged.

82. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT VII
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
**(Race Discrimination)**

83. The foregoing paragraphs are incorporated herein as if set forth in full.

84. At all times relevant herein, Defendant was an "employer" within the meaning of Title VII.

85. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII.

86. Title VII prohibits employers, such as Defendant, from discriminating against an employee on the basis of race.

87. Defendant violated Plaintiff's rights under Title VII by discriminating against Plaintiff because of her race.

88. Plaintiff was subjected to pervasive and/or severe racial harassment during her tenure with Defendant which was objectively offensive.

89. Any reasonable person would have felt that he or she was subjected to a racially hostile work environment due to Defendant's conduct, as did Plaintiff.

90. Defendant's management was made aware of Plaintiff's complaints of race discrimination and harassment at various times during Plaintiff's employment yet failed to take any meaningful action in response.

91. Defendant's actions as set forth above constitute violations of Title VII.

92. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT VIII
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Retaliation)

93. The foregoing paragraphs are incorporated herein as if set forth in full.

94. Title VII prohibits employers, such as Defendant, from retaliating against employees, such as Plaintiff, who engage in protected activities by complaining about racial harassment or discrimination.

95. Plaintiff engaged in a protected activity under Title VII by complaining to Defendant about racial harassment and discrimination.

96. Defendant violated Plaintiff rights under Title VII by failing to remedy the harassment, failing to grant Plaintiff's request for an accommodation, and/or by constructively discharging Plaintiff in retaliation for her complaints of race-based harassment and discrimination.

97. Defendant's actions as set forth above constitute violations of Title VII.

98. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT IX
### Violations of 42 U.S.C. 1981
**(Race Discrimination/Harassment/Hostile Work Environment)**

99. The foregoing paragraphs are incorporated herein as if set forth in full.

100. At all times relevant herein, Defendant was an "employer" within the meaning of 42 U.S.C. 1981.

101. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C. 1981.

102. 42 U.S.C. 1981 prohibits employers, such as Defendant, from discriminating against and harassing an employee on the basis of race.

103. Defendant violated Plaintiff's rights under 42 U.S.C. 1981 by discriminating against and harassing Plaintiff because of her race.

104. Plaintiff was subjected to pervasive and/or severe racial harassment during her tenure with Defendant which was objectively offensive.

105. Any reasonable person would have felt that he or she was subjected to a racially hostile work environment due to Defendant's conduct, as did Plaintiff.

106. Defendant's management was made aware of Plaintiff's complaints of race discrimination and harassment at various times during Plaintiff's employment yet failed to take any meaningful action in response.

107. Defendant violated Plaintiff's Section 1981 rights by failing to remedy the harassment, failing to grant Plaintiff's requests for an accommodation, and/or by constructively discharging Plaintiff in retaliation for her complaints of race-based harassment and discrimination.

108. Defendant constructively discharged Plaintiff, at least in part, because Plaintiff is African American.

109. Defendant's actions as set forth above constitute violations of 42 U.S.C. 1981.

110. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT X
### Violations of 42 U.S.C. 1981
### (Retaliation/Wrongful Termination)

111. The foregoing paragraphs are incorporated herein as if set forth in full.

112. 42 U.S.C. 1981 prohibits employers, such as Defendant, from retaliating against employees, such as Plaintiff, who engage in protected activities by complaining about racial harassment or discrimination.

113. Plaintiff engaged in a protected activity under 42 U.S.C. 1981 by complaining to Defendant about racial harassment and discrimination.

114. Defendant violated Plaintiff's Section 1981 rights by failing to remedy the harassment, failing to grant Plaintiff's requests for an accommodation, and/or by constructively discharging Plaintiff in retaliation for her complaints of race-based harassment and discrimination.

115. Defendant's actions as set forth above constitute violations of 42 U.S.C. 1981.

116. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT XI
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Race Discrimination/Harassment/Hostile Work Environment)

117. The foregoing paragraphs are incorporated herein as if set forth in full.

118. The PHRA prohibits employers, such as Defendant, from discriminating against an employee on the basis of race.

119. Defendant violated Plaintiff's rights under the PHRA by discriminating against Plaintiff because of her race.

120. Plaintiff was consistently subjected to pervasive and/or severe racial harassment during her tenure with Defendant which was objectively offensive.

121. Any reasonable person would have felt that he or she was subjected to a hostile work environment due to Defendant's conduct, as did Plaintiff.

122. Defendant's management was made aware of Plaintiff's complaints of race discrimination and harassment at various times during Plaintiff's employment yet failed to take any meaningful action in response.

123. Defendant's actions as set forth above constitute violations of the PHRA.

124. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

## COUNT XII
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Retaliation)

125. The foregoing paragraphs are incorporated herein as if set forth in full.

126. The PHRA prohibits employers, such as Defendant, from retaliating against employees, such as Plaintiff, who engage in protected activities by complaining about racial harassment or discrimination.

127. Plaintiff engaged in a protected activity under the PHRA by complaining to Defendant about racial harassment and discrimination.

128. Defendant violated Plaintiff's rights under the PHRA by failing to remedy the harassment, failing to grant Plaintiff's request for an accommodation, and by constructively discharging Plaintiff in retaliation for her complaints of race-based harassment.

129. Defendant's actions as set forth above constitute violations of the PHRA.

130. Plaintiff has suffered and continues to suffer harm as a result of Defendant's actions.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff or anyone else on any basis forbidden by the ADA, Title VII, Section 1981, and the PHRA.

B. Defendant is to promulgate and adhere to a policy prohibiting racial harassment and retaliation;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back and front pay;

D. Plaintiff is to be awarded actual damages, as well as damages for the emotional distress, pain, suffering, and humiliation caused by Defendant's actions;

E.Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

F.Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G.Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable law; and

H.Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*s/ Richard S. Swartz*
Richard S. Swartz, Esq.
1101 North Kings Highway, Suite 402
Cherry Hill NJ 08034
(856) 685-7420
(856) 685-7417 Fax

Dated: May 8, 2018

**DEMAND TO PRESERVE EVIDENCE**

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.